■ P7 Owner LLC, Appellant, v Arbor Realty Trust, Inc., et al., Respondents. [46 NYS3d 584]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered March 8, 2016, which denied plaintiff's motion for summary judgment, and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff owned the most subordinate of the participation interests in a $125 million mortgage loan. Defendant Arbor Realty Participation, LLC, an indirect wholly owned subsidiary of defendant Arbor Realty Trust, Inc., owned a more senior participation interest in the loan and acted as servicer of both its and plaintiff's interests. When $35 million of the loan was written down pursuant to a restructuring of the financing, plaintiff's participation interest was eliminated. Plaintiff claims that defendants breached their obligations under the governing sub-participation agreement by inappropriately allocating the entire write-down to plaintiff's participation interest.

The elimination of plaintiff's participation interest was proper pursuant to sections 3 (a) and 4 (e) of the Sub-Participation and Servicing Agreement, which provided that any reduction in the loan pursuant to a loan modification done "in accordance with" the terms of the governing agreements would be applied against plaintiff's participation interest first. Contrary to plaintiff's contention, the underlying loan modification complied with the terms of the governing agreements and with "Accepted Servicing Practices." The Initial Asset Status Report issued by the Special Servicer satisfied the Special Servicer's contractual obligation to provide certain specified information "to the extent reasonably determinable." In addition, the evidence reflects that the possibility of recovery under the "bad boy" guaranty and the net present value of a variety of recovery scenarios were properly considered.

Because our holding disposes of this matter, we need not reach the issue of the appropriateness of veil-piercing.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Feinman and Gesmer, JJ. 